IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, as Broadcast Licensee of the May 4, 2019, Saul "Canelo" Alvarez v. Daniel Jacobs Middleweight Championship Fight Program, <br><br> Plaintiff, <br><br> v. <br><br> YOU DROPPED SOMETHING ENTERPRISES, LLC, individually and d/b/a UNDISPUTED CRAFT HOUSE; and DARRELL DAUGHTRY, individually, and d/b/a UNDISPUTED CRAFT HOUSE, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | CAUSE NO. EP-22-CV-158-KC |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Final Default Judgment & Brief in Support ("Motion"), ECF No. 17. For the reasons below, the Motion is **GRANTED** in part and **DENIED** in part.

I.   BACKGROUND

Plaintiff is a broadcast licensing company. Compl. ¶¶ 1, 8, ECF No. 1. It had the exclusive rights to sublicense a May 4, 2019, boxing match, along with all the undercard and preliminary matches, (collectively, the "Event") at locations throughout Texas. *Id.* ¶¶ 6, 8. Commercial establishments like bars and restaurants could broadcast the Event only if they contracted with Plaintiff. *See id.* ¶¶ 6–7. Plaintiff alleges that Undisputed Craft House ("Undisputed"), a bar and restaurant in El Paso, is "owned and/or operated" by Defendant You Dropped Something Enterprises, LLC and "owne[d] and/or manage[d]" by Defendant Darrell

Daughtry. *Id.* ¶¶ 2–3. Both Defendants hold Undisputed's liquor license. *Id.* ¶¶ 2–3. Without contracting with Plaintiff, Defendants displayed the Event at their bar, "either by satellite transmission or through [] receipt over a cable system." *Id.* ¶¶ 12–16. Because the Event was electronically coded, the transmission had to be decoded to be displayed correctly. *Id.* ¶ 9.

About three years later, Plaintiff filed its Complaint, alleging that when Defendants displayed the Event without authorization, they violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 or 605. *Id.* ¶ 17. Plaintiff properly served Defendants, but neither made an appearance within twenty-one days of being served, as Federal Rule of Civil Procedure 12(a) requires. *See* Summons Returned Executed, ECF No. 11; Summons Returned Executed, ECF No. 13. Accordingly, the Clerk entered a default against both Defendants. Entry of Default, ECF No. 16.

Plaintiff now moves for default judgment against Defendants on only its § 605 claims. Mot. ¶ 10. Plaintiff seeks $10,000 in statutory damages, under § 605(e)(3)(C)(i)(II), and $50,000 in damages for Defendants' willful and financially expedient conduct, under § 605(e)(3)(C)(ii). *Id.* ¶¶ 13–27. Plaintiff also seeks costs and attorneys' fees, under § 605(e)(3)(B)(iii). *Id.* ¶ 28.

## II.  STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In assessing whether the complaint contains a sufficient basis for a

default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is unnecessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). As explained below, the damages here are capable of mathematical calculation, so a hearing is unnecessary. *See id.*

### III.   DISCUSSION

#### A.   FCA Liability

Plaintiff alleges that Defendants violated § 605 of the FCA. Compl. ¶ 17. "A person violates 47 U.S.C. § 605 when he 'intercept[s] any [] communication . . . or receive[s] or assist[s] in receiving any interstate or foreign communication . . . and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto.'" *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015) (quoting 47 U.S.C. § 605(a)) (alterations in original). "The unauthorized interception of satellite or cable transmission violates . . . [§] 605." *Id.* (citing *Entm't by J & J, Inc. v. Al–Waha Enters.*, 219 F. Supp. 2d 769, 774 (S.D. Tex. 2002)).

To recover, a plaintiff "need only prove (1) that the event was shown in Defendants' commercial establishment (2) without Plaintiff's authorization, and (3) that Plaintiff was the exclusive licensee." *Joe Hand Promotions, Inc. v. Ambiente Bar LLC*, No. 7:13-CV-132, 2014 WL 580767, at *2 (S.D. Tex. Feb. 13, 2014) (citing *G & G Closed Cir. Events LLC v. Rivals Sports Grill LLC*, No. CIV. A. 6:12-3052, 2014 WL 198159, at *3 (W.D. La. Jan. 14, 2014) (collecting cases)); *see also* 47 U.S.C. §§ 605(a), (e)(3)(A).  It is not necessary for a defendant to display an event themselves—FCA liability attaches to those who held the liquor permit for a business where an FCA violation occurred, as well as those who "had [] the right and ability to supervise the unauthorized activities of the establishment and [] an obvious and direct financial interest in those activities." *Ambiente Bar LLC*, 2014 WL 580767, at *2 (collecting cases).

Plaintiff has adequately alleged that Defendants violated § 605 of the FCA.  Plaintiff's Complaint alleges that Defendants intercepted the Event by satellite or by cable and then displayed it at Undisputed.  Compl. ¶¶ 12, 14.  It alleges that Plaintiff, the Event's exclusive licensee, did not authorize Defendants' actions.  *Id.* ¶¶ 6, 16.  And it alleges that Defendants respectively "own[] and/or operate[]" and "own[] and/or manage[]" Undisputed, hold its "license/permit issued by the Texas Alcoholic Beverage Commission," could "supervise [its] activities," and "had an obvious and direct financial interest" in it.  *Id.* ¶¶ 2–3.  Because Defendants have defaulted, the Court accepts these allegations as true, and therefore finds that Defendants violated the FCA.  *See Nishimatsu*, 515 F.2d at 1206; *Ambiente Bar LLC*, 2014 WL 580767, at *2.

### B.   Damages

#### 1.   Statutory damages

"A party aggrieved by a violation of Section 605 may elect to receive either actual damages or statutory damages." *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 816 (citing 47 U.S.C. § 605(e)(3)(C)(i)).  When a plaintiff has elected to receive statutory damages, the court has discretion to award between $1,000 and $10,000.  *See id.* (citing 47 U.S.C. § 605(e)(3)(C)(i)(II)).  Plaintiff asks the Court to award the full $10,000 in statutory damages.  Mot. ¶¶ 13–19.

"[T]here is no universal approach" for calculating statutory damages.  *J&J Sports Prods., Inc. v. Gutierrez*, No. DR-19-CV-057-AM/VRG, 2021 WL 2930094, at *2 (W.D. Tex. Mar. 16, 2021).  Some courts award a flat sum that accounts for "broader economic costs."  *See J&J Sports Prods., Inc. v. Prada Invs. Inc.*, No. 7:14-CV-815, 2016 WL 7735339, at *3 (S.D. Tex. Apr. 28, 2016) (collecting cases).  Others base the award on the number of patrons present when the violation occurred, and still others base it on the licensing fee, which hinges on the establishment's seating capacity.  *See Gutierrez*, 2021 WL 2930094, at *2 (citing *Joe Hand Promotions, Inc. v. Bonvillain*, Civ. No. 13-4912, 2013 WL 5935208, at *2, 5 (E.D. La. Nov. 5, 2013)).  Ultimately, these varied approaches serve the same purpose—to deter defendants from future violations.  *See J&J Sports Prods., Inc. v. JD Alexander Invs., LLC*, No. 7:17-CV-00064, 2018 WL 2323291, at *3 (S.D. Tex. Jan. 4, 2018); *J & J Sports Prods., Inc. v. Molinar*, No. EP-13-CV-363-PRM, 2014 WL 2112172, at *3–4 (W.D. Tex. Mar. 20, 2014).

Because it appears to be most common approach in the Fifth Circuit and is susceptible to mathematical calculation, the Court awards damages based on the licensing fee.  *See J&J Sports*

5

*Prods., Inc. v. SIAM Enterprises, LLC*, No. EP-18-CV-138-PRM, 2018 WL 7297877, at *5 (W.D. Tex. Dec. 17, 2018); *Molinar*, 2014 WL 2112172, at *3.

Courts typically use the licensing fee only as a baseline for damages. *See G&G Closed Cir. Events, LLC v. 1) GCF Enters. LLC*, No. EP-15-CV-00111-KC, 2015 WL 7313427, at *4 (W.D. Tex. Nov. 19, 2015); *Molinar*, 2014 WL 2112172, at *4. While tripling the licensing fee is common, "lesser [increases] can be sufficient." *J&J Sports Prods., Inc. v. Vallejo*, No. 5-16-CV-00735-FB-RBF, 2018 WL 3795301, at *4 (W.D. Tex. Aug. 9, 2018) (collecting cases). In deciding on an increase, courts account for the number of people in attendance, "'profits made from food and drink sales' . . . [and] profits from the entry fee." *GCF Enters. LLC*, 2015 WL 7313427, at *4 (quoting *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008)). On one end of the spectrum, the court tripled the licensing fee in *GCF Enterprises* because the defendants charged an entry fee and sold drinks to almost 130 people. *Id.* On the other end, the court increased the licensing fee by only $100 in *Rivera* because five people were present, and it was not clear that any of them had bought food or drinks or been charged an entry fee. *J & J Sports Prods., Inc. v. Rivera*, No. EP-14-CV-00343-KC, 2015 WL 1137473, at *5 (W.D. Tex. Mar. 12, 2015).

Applied to the facts at hand, these cases counsel increasing damages past the licensing fee, but not tripling them. There were between forty-five and fifty-eight people at Undisputed. Mot. Ex. A-2, at 36 ("Jimenez Affidavit"), ECF No. 18. And Defendants sold either food or drinks, or both. Mot. Ex. A, at 8 ("Riley Affidavit) ("Defendants' patrons purchased food and/or drinks."). But patrons were not charged an entry fee. Jimenez Aff. 36. Because Undisputed has a seating capacity around 140 people, the licensing fee would have been $2,750. Jimenez Aff. 36; Mot. Ex. A-3, at 42 ("Rate Card"). The Court thus finds it appropriate to double the

6

licensing fee, yielding $5,500 in statutory damages.  *See Rivera*, 2015 WL 1137473, at *5; *GCF Enters. LLC*, 2015 WL 7313427, at *4; *Molinar*, 2014 WL 2112172, at *4 (doubling the licensing fee to account for food and drink sales).

### 2. Willfulness damages

"If the Court finds that a violation was committed 'willfully and for purposes of direct or indirect commercial advantage or private financial gain,' it may, in its discretion, increase the damage[s] awarded by an amount of not more than $100,000."  *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 816 (quoting 47 U.S.C. § 605(e)(3)(C)(ii)).  Plaintiff asks the Court to increase the award by $50,000.  Mot. ¶¶ 20–27.

The Complaint sufficiently alleges, and Defendants by their default admit, that they acted willfully and for commercial gain.  Compl. ¶¶ 12–13; *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  The Complaint properly alleges that Defendants acted willfully by displaying the Event, which was electronically coded.  *See Garcia*, 546 F. Supp. 3d at 385 ("[S]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." (quoting *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999))); Compl. ¶ 11–12.  And it properly alleges that Defendants acted for financial gain, as it appears from Plaintiff's affidavits that they sold food or drinks.  *See J&J Sports Productions, Inc. v. Cotorra Cocina Mexicana & Bar LLC*, 2012 WL 1098446, at *3 (S.D. Miss. Mar. 30, 2012); Riley Aff. 8.

In determining the amount of willfulness damages to award, courts consider several factors: whether the defendants have violated the FCA before, whether they advertised the event, whether they charged an entry fee, whether they sold food and drinks to patrons, and the number of televisions they used.  *See J&J Sports Prods., Inc. v. JJRM, LLC*, No. 3:19-CV-1090-K, 2020

WL 7398781, at *5 (N.D. Tex. Dec. 16, 2020). "Although an award of additional damages for a willful act should be sufficient to deter such piracy in the future, . . . such an award should not be so high as to drive the actor out of business." *J&J Sports Prods., Inc. v. Bermudez*, No. SA-17-CV-387-XR, 2017 WL 4448244, at *5 (W.D. Tex. Oct. 5, 2017) (citations omitted). Damages far lower than $100,000 are ordinarily adequate. *See J & J Sports Prods., Inc. v. Tejada*, No. 5:13-CV-01020-XR, 2014 WL 869218, at *2 (W.D. Tex. Mar. 4, 2014) (quoting *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 437, 350 (9th Cir. 1999)) ("[A] low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business.").

Courts have awarded a wide range of willfulness damages. *See Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 818 (collecting cases awarding willfulness damages between three and nine times statutory damages). In *Morelia*, for example, the court awarded three times the statutory damages award when the defendants advertised the event, charged an entrance fee, sold food and drinks, and displayed the event on five televisions to around sixty patrons. *Id.* But in *Alamo Card House*, the court awarded just fifty percent more than statutory damages when the event was broadcast on one television in San Antonio, Texas and the defendant sold food and drinks. *G&G Closed Cir. Events, LLC v. Alamo Card House, LLC*, No. SA-20-CV-01094-XR, 2021 WL 5810558, at *7 (W.D. Tex. Dec. 7, 2021).

The facts here justify an increase in between those ordered by *Morelia* and *Alamo Draft House*. As in *Morelia*, Defendants displayed the Event to around sixty people on five televisions, and they sold food or drinks. *See* Riley Aff. 8; Jimenez Aff. 36. *Morelia Mexican Rest., Inc*, 126 F. Supp. 3d at 818. But unlike in *Morelia*, Defendants did not charge an entry fee, and Plaintiff does not allege that they advertised the Event. Jimenez Aff. 36; *Morelia*

8

*Mexican Rest., Inc*, 126 F. Supp. 3d at 818.  Moreover, Defendants displayed the Event in El Paso, a city significantly smaller than San Antonio, and Plaintiff does not allege that they are repeat violators.  *See generally* Compl.; Mot.  Taking all this into account, the Court finds that an enhanced damages award seventy-five percent greater than the statutory damages award is appropriate.  *See Alamo Card House, LLC*, 2021 WL 5810558, at *7; *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 818.  The Court thus awards Plaintiff $9,625 in additional damages.  *See Tejada*, 2014 WL 869218, at *2.

        **C.**     **Attorneys' fees and costs**

Finally, Plaintiff requests attorneys' fees and costs.  Mot. ¶ 28.  For attorneys' fees, Plaintiff seeks an amount equal to either one-third of the damages awarded or the amount its attorney billed.  *Id.*  It also asks for contingent attorneys' fees for post-trial and appellate matters.  *Id.*

Under § 605(e)(3)(B)(iii), attorneys' fees are mandatory.  *See J&J Sports Prods., Inc. v. Da-Vi Corp.*, No. EP-19-CV-00126-DCG, 2020 WL 2043981, at *6 (W.D. Tex. Apr. 28, 2020); *J & J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-92, 2018 WL 375391, at *2 (S.D. Tex. Jan. 11, 2018).  While courts can award fees equal to one-third of damages, they "almost uniformly" award fees based on the rate and hours reasonably billed.  *J&J Sports Prods., Inc. v. Molina & Reyes Enterprises, LLC*, No. 5:18-CV-382 (RCL), 2020 WL 3579823, at *4 (W.D. Tex. May 7, 2020) (first citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); and then citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  But see *J & J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *3 (W.D. Tex. Mar. 19, 2014) ("An award equal to one third of the recovery . . . is frequently the measure of attorney's fees used in Communications Act cases by federal courts in Texas.").

Plaintiff's attorney requests $1,500 in fees—for five hours of work, billed at $300 per hour. Mot. Ex. B ¶ 8 ("Declaration of David M. Diaz"). Based on the Court's review of similar cases—including cases involving the same attorney—and accounting for inflation, it finds that this request is reasonable. *See Da-Vi Corp.*, 2020 WL 2043981, at *6 ($250 an hour for seven hours of work by Mr. Diaz); *JJRM, LLC*, 2020 WL 7398781, at *5 ($300 an hour for eight hours of work by Mr. Diaz).

Plaintiff also requests over $100,000 in contingent attorneys' fees. Decl. David M. Diaz ¶ 9. But this request is premature, and Plaintiff should instead ask for these fees if and when they are actually incurred. *See Kingvision Pay–Per–View, Ltd. v. Guerrero*, No. 3:08–CV–1970–G (BF), 2009 WL 1973285, at *5 (N.D.Tex. July 7, 2009).

Plaintiff is also entitled to costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii); Fed. R. Civ. P. 54(d); *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. CV H-16-3696, 2018 WL 287792, at *3 (S.D. Tex. Jan. 4, 2018). The amount of costs shall be determined in accordance with Western District of Texas Local Rule CV-54(a), which requires Plaintiff to "prepare and file a proposed bill of costs . . . not later than 14 days after the entry of judgment."

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 17, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff G&G Closed Circuit Events, LLC, and against Defendants You Dropped Something Enterprises, LLC and Darrell Daughtry.

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable and **SHALL PAY** Plaintiff:

    a. **$5,500.00** in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

    b. **$9,625.00** in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

    c. **$1,500.00** in attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendants in the amount of **$16,625.00** plus costs. Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within fourteen days of this Order.

**IT IS FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of this Order.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 21st day of March, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE